ANDRÉS PÉREZ RÍOS, Petitioner, *v.* DISTRICT COURT OF PUERTO RICO, PONCE SECTION, HON. JOAQUÍN CORREA SUÁREZ, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. 1931. Argued December 13, 1951.—Decided December 21, 1951.

*Héctor Lugo Bougal* for petitioner. *Víctor Gutiérrez Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for intervener.

MR. JUSTICE MARRERO delivered the opinion of the Court.

We granted certiorari to review an order entered by the District Court of Puerto Rico, Ponce Section, on November 5, 1951, denying an application for habeas corpus filed by Andrés Pérez Ríos.

The petitioner alleges now in his petition for certiorari that he filed in the aforesaid district court a petition for habeas corpus alleging the lack of probable cause for his arrest and that the $50,000 bail fixed for him to remain in provisional liberty for an alleged crime of murder in the first degree was excessive and unreasonable; that the writ of habeas corpus having been issued and the case heard, the prosecuting attorney presented in evidence, to support the validity of the arrest, a medical certificate concerning the autopsy performed on the body of the decedent Joaquín Yordán Munet, as well as the affidavit of the minor Nelson Ramos Rodríguez, petitioner offering in connection with his financial condition the testimony of his brother Angel Pérez Ríos; and that on the date above mentioned the lower court dismissed the writ of habeas corpus as to both aspects and likewise overruled a motion for reconsideration he filed. He now bases his petition for certiorari exclusively on the ground that the lower court erred in deciding that the bail fixed is not excessive.

We have decided in several cases that in determining whether the bail fixed in a case is excessive or not, there must be taken into consideration: (*a*) the nature and gravity of the offense charged; (*b*) the financial ability of the defendant to furnish said bail; (*c*) the probabilities of convic-

tion and (*d*) the severity of the penalty entailed by the offense. *Waldin* v. *Feliciano*, 62 P.R.R. 202; *Ex parte Collazo*, 52 P.R.R. 103. Let us, therefore, determine whether, having regard to those circumstances, the $50,000 bail fixed for petitioner is excessive or not.

 The crime with which he is charged is murder in the first degree. In connection with the conditions that must be taken into consideration under the requisites (*a*), (*c*) and (*d*) hereinbefore set forth we shall just say that to prove the existence of probable cause the prosecuting attorney offered the medical certificate and the testimony of the minor Ramos Rodríguez, to which we have referred. It appears from the former that the decedent received 28 wounds, and from the minor's testimony, that the latter identified certain clothing worn by the petitioner while herding cows and killing hogs; that on the night of the 24th of July the petitioner, upon leaving his house, carried the aforesaid clothing in a paper bag of regular size, taking the path which leads to the Las Magas ward; that the affiant saw this because he peeped through a hole; that upon returning, the petitioner called his wife, Elena Caraballo, asking her to open the door, which she did, turning on the light; that the affiant was awake at that moment and saw that Pérez Ríos, known as El Corso, "had his clothing all bloody from his shirt front all the way down to his trousers; he was also carrying a machete full of gore and he set it down in a nook in the kitchen," telling Elena "I had an argument over there with Morgan and I killed him;" that El Corso was so drunk then that he was staggering, and after removing his clothes and wrapping them in a piece of paper he lay down; that Pérez Ríos woke up about five in the morning and after going out for twenty-five or thirty minutes with Juan Borreli and taking a pig to the Guayanilla beach, El Corso returned and told the affiant "to go and burn the bloody clothing which was wrapped in a newspaper," and when the affiant

refused, El Corso took the bundle, a box of matches and a small bottle of kerosene and went towards the river, the affiant noticing shortly thereafter that smoke was coming from the place through which El Corso had gone; that afterwards the latter came home and went later to roast the pig on the beach.

Taking judicial notice of the severity of the penalty entailed by the offense with which he is charged, and the two requisites above mentioned having been established, let us then ascertain defendant's financial ability to furnish the bail fixed. In this connection he presented the testimony of his brother Angel Pérez Ríos, who testified that the petitioner owns no properties; that he is engaged in the killing of pigs and selling them raw in order to support his children; that petitioner has no social and economic connections nor rents of any kind whatsoever; and that during the grinding season he works in the Central Rufina which owns the house wherein he lives.

Considering the foregoing circumstances, we think that the lower court abused its discretion in not reducing the bail fixed by the district attorney for the petitioner. As stated by the United States Supreme Court on November 5 of this year in *Stack* v. *Boyle:*

"The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. (Citation). Like the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive' under the Eighth Amendment. (Citation).

"Since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant."

Bearing in mind said purpose as well as the attendant circumstances herein we consider that a $10,000 bail is reasonable to insure defendant's presence in court.

Judgment will be entered setting aside the order appealed from and ordering the fixing of bail for the petitioner in the amount just mentioned.